## Edwards, Appellant, v. Western Maryland Ry. Co.

*Practice, C. P. — Laches — Delay in prosecuting case — Filing statement—Entry of non pros.—Abuse of discretion.*

1. The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding.

2. A judgment of non pros. for laches in prosecuting an action is erroneously entered, where the record shows plaintiff was injured in the service of defendant, a railroad company, on December 17, 1914; on August 18, 1915, he brought an action against the company in Allegheny County; on December 15, 1916, two days before the statute barred his recovery, he brought a second suit, this time in York County; on January 29, 1918, the action in Allegheny County was dismissed; on December 20, 1918, plaintiff filed his statement of claim in the York County suit, and thereafter the judgment of non pros. was entered on question of law raised by affidavit of defense, because of alleged laches of plaintiff in delaying to file his statement of claim.

3. In such case, there was no reason why plaintiff should have speeded the trial of his action in York County, for the motion to dismiss the suit in Allegheny County might have been overruled.

4. It seems that it is the proper practice, where plaintiff delays to file his statement, to take a rule on him to show cause why judgment should not be entered. On such rule, plaintiff has an op-

portunity, in his answer, to explain the cause of his delay, and to show fully why a severe penalty should not be imposed upon him.

Argued May 18, 1920.  Appeal, No. 184, Jan. T., 1920, by plaintiff, from judgment of C. P. York Co., Jan. T., 1917, No. 332, of non pros. on question of law raised by affidavit of defense, in case of Edward Edwards v. Western Maryland Railway Co.  Before BROWN, C. J., MOSCH-ZISKER, FRAZER, WALLING and SIMPSON, JJ.  Reversed.

Trespass for personal injuries.

Motion for judgment on question of law raised by affidavit of defense.  Before ROSS, J.

The opinion of the Supreme Court states the facts.

The court entered judgment of non pros.  Plaintiff appealed.

*Error assigned* was judgment of non pros., quoting it.

*Henry C. Niles* and *Michael S. Niles,* with them *Charles A. May* and *George E. Neff,* for appellant.

*Richard E. Cochran,* with him *E. Philip Stair* and *George S. Schmidt,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, June 26, 1920:

On an averment in its affidavit of defense, that the plaintiff had been guilty of laches in the prosecution of his action, the court below directed judgment of non pros.  Assuming the situation to be as set forth in the affidavit of defense, the judgment from which the plaintiff has appealed was improvidently entered.  This is manifest from a recital of what the defendant avers as showing laches barring the plaintiff from further prosecution of his suit.

The appellant, who was a conductor in the service of the defendant, was injured December 17, 1914, by the derailment of a train in his charge.  On August 18,

1915, he brought an action against the defendant in the Court of Common Pleas of Allegheny County to recover damages for the injuries sustained. On January 29, 1918, that action was dismissed by the court, and, during the pendency of the motion to dismiss, the plaintiff brought the action before us in the Court of Common Pleas of York County. It was brought two days before the statute had barred a recovery, and was evidently, and very properly, instituted ex majori cautela to guard against the contingency of a dismissal of the suit in Allegheny County, which was dismissed several weeks later, and, but for the institution of the present action, the appellant would be barred from recovering, if he has a just claim against the defendant. During the pendency of the motion to dismiss the action in the Allegheny County court there was no reason why the plaintiff should have speeded the trial of his action in the court below, for the motion to dismiss might have been overruled. On December 29, 1918,—less than eleven months from the time the action in the Allegheny County court was dismissed—he filed his statement of claim in the court below, and this was held to be laches calling for a judgment of non pros. The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding: Townsend v. Vanderwerker, 160 U. S. 262. This has been the recognized rule with us; and none of our cases sustain the court below. As just shown, there was no laches, but, on the other hand, there was good reason in delaying the institution of the present action, and, with no rule of court requiring the plaintiff to file a statement within a specified time, and with the right in the defendant to rule him to file it, the judgment of non pros. on the ground of laches was a clear abuse of discretion.

Waring Brothers & Company v. Pennsylvania Railroad Company, 176 Pa. 172; Munley v. Sugar Notch Borough, 215 Pa. 228, and Stewart v. Philadelphia, 240 Pa. 569, are cited by the court below as authorities for its action in dismissing the plaintiff's suit. We are at a loss to understand how they could have been so regarded. In the first, the summons was issued in 1879, but nothing more was done until 1894, when the plaintiff's statement was filed; in the second, a period of more than eight years intervened between the institution of the action and the filing of the statement, and, in the third, the interval was more than twelve years.

In entering the judgment of non pros. against the plaintiff the learned court below said: "No explanation has been offered to the court other than his statement of claim which would excuse his slothfulness of action." The explanation is to be found in the court's own records, as we have just shown; but if, as would have been the proper practice (Forrest v. Phila. Rapid Transit Company, 261 Pa. 383), a rule had been taken on the plaintiff to show cause why the judgment should not be entered, he might, on answer, have explained even more fully why the severe penalty should not have been imposed.

The assignment of error is sustained, the judgment is reversed and the action reinstated with a procedendo.