## Kane v. Pennsylvania Coal Company.

*Practice, C. P.—Delay in prosecution of case—Laches—Non pros.—Abandonment.*

Where a plaintiff has failed to prosecute his case for eighteen years without explanation of his laches, and has failed to answer a petition for a rule for *non pros.* or to appear on the return of the rule, the court will presume that he has abandoned his case, and will enter a *non pros.*

Rule for *non pros.* C. P. Luzerne Co., Oct. T., 1902, No. 263.

*P. A. O'Boyle,* for plaintiff; *James P. Harris,* for defendant.

JONES, J., Jan. 14, 1924.—The petition for *non pros.* avers the following facts, which are sustained by the court:

1. An action in trespass commenced June 26, 1902.

2. Plaintiff's statement filed Oct. 3, 1904, averring damages for obstructing a stream and overflowing plaintiff's lands.

3. Plea by defendant Jan. 21, 1905.

4. March 13, 1905, request for a struck jury.

No further proceedings were had in the case until the petition for *non pros.* was filed on Oct. 10, 1923, averring the above facts, with the statement that by reason of the laches of plaintiff, "defendant had been prejudiced by reason of the fact that material witnesses are not now available on account of death, removal and other causes, and officers, agents and employees of the defendant in charge of the place at the time of the accident have been changed and the place of accident changed materially, so that a fair trial cannot be had."

A copy of the petition and rule were served on plaintiff on Oct. 25, 1923, to which no answer was made, and, under Rule XLIII (2) of the Rules of Court, all matters of fact not denied by counter-affidavit must be taken as true.

The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceedings. This is the recognized rule of our courts: Edwards *v.* Western Maryland Ry. Co., 268 Pa. 228.

Plaintiff, having permitted his case to sleep for more than a period of eighteen years, without any explanation of his laches, is chargeable with want of due diligence in failing to prosecute his action, and creates the presumption of abandonment, which is strengthened by his failure to answer the petition or appear on the return-day of the rule, which warrants the entry of *non pros.*

Therefore, we make the rule absolute.

From F. P. Slattery, Wilkes-Barre, Pa.