## Panuski v. Pennsylvania Coal Company.

*Practice, C. P.—Delay in prosecution of case—Laches—Abandonment—Presumption.*

1. Where a plaintiff has delayed the prosecution of his case for nine years and has failed to appear to a rule for *non pros.*, it will be presumed that he has abandoned his case, and a *non pros.* will be entered.

2. Laches is not to be determined by definite time as in the statute of limitations, but by plaintiff's lack of due diligence.

Rule for *non pros.*  C. P. Luzerne Co., Oct. T., 1915, No. 331.

*James P. Harris,* for defendant.

JONES, J., Jan. 14, 1924.—The petition for *non pros.* avers the following facts, which are sustained by the record:

An action in trespass commenced July 20, 1915, and summons served Sept. 13, 1915, and no further steps in the prosecution of the case taken by plaintiff.

Defendant avers in its petition that "by laches of plaintiff, defendant has been prejudiced by reason of the fact that material witnesses are not now available on account of death, removal and other causes, . . . and the lapse of time has been so great that a fair trial cannot be had, all of which is due to the plaintiff's failure to prosecute the case with reasonable dispatch, and a presumption of abandonment arises from the said laches."

A copy of the petition and rule were served upon counsel for the plaintiff on Oct. 25, 1923, to which no answer was made, and, under the rules of court, all matters of fact not denied by counter-affidavit must be taken as true.

The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceedings: Edwards *v.* Western Maryland Ry. Co., 268 Pa. 228.

In Prettyman *v.* Irwin, 273 Pa. 522, within the limitation of one year prescribed by section 2 of the Act of April 26, 1855, P. L. 309, a summons in trespass was issued and returned *nihil habet;* no appearance was entered and no further writ was issued until over two years later, when an *alias* summons was issued and duly served. The affidavit of defence alleged the action was barred because of delay. The court said: "We cannot sustain plaintiff's contention, however, that laches is the determinative factor in matters like the present. This would be so, if we were deciding whether or not the action should be considered as abandoned, because of plaintiff's failure to file his statement of claim in time (citing several cases), though even then abandonment will ordinarily be adjudged, by analogy to the statute, if he permits the case to sleep, without any action being taken, for a longer period than is allowed for the commencement of the suit. In these proceedings, however, circumstances may be shown which will explain the laches, and, in that event, the suit will not be deemed to have been abandoned."

Plaintiff, having permitted his case to sleep for more than a period of nine years, having failed to file his statement of claim, without any explanation of his laches, is chargeable with want of due diligence in failing to prosecute his action, and creates the presumption of abandonment, which is strengthened by his failure to answer the petition or appear on the return-day of the rule, all of which warrants the entry of *non pros.*

Therefore, we make the rule absolute.

From F. P. Slattery, Wilkes-Barre, Pa.