Standard Furnace Company, Inc., Appellant, *v.*
John Lorincz and Mere Lorincz.

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop,

Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William S. Doty,* and with him *Thomas A. Thornton* of *Doty & Thornton,* for appellant.

*H. M. Lubic,* for appellee.

Opinion by Gawthrop, J., July 14, 1932:

This is an appeal by the use-plaintiff from an order opening a judgment entered by it by confession on a judgment note. On April 20, 1926, the legal plaintiff, Standard Furnace Company, Incorporated, entered into a written contract with "John Lorincz, owner and possessor of the property located at No. 301 Hawkins Avenue, North Braddock," by the terms of which it agreed to install a warm air furnace in the property for $245, payable as follows: "Twenty Dollars down and for balance to give said contractor a judgment note for the amount, due and payable in twelve equal monthly installments ........ Default in payment of any of said installments when due shall render the entire unpaid balance of said note due and payable." The contract also contained a certificate, signed by John Lorincz, "that the warm air furnace has been installed in accordance with this contract and is completely ready for use. All work is satisfactory and accepted." The contract was on a printed form. At

the bottom of the single sheet of paper containing it there was a printed form of a promissory note, which provided that payment be made in twelve equal monthly installments; that a failure to pay any stallment when due would render the entire unpaid balance due and payable at once; and that judgment might be confessed as of any term. On the date of the contract this note was filled up in the sum of $225. On the signature lines of the contract and the note the names of both defendants, husband and wife, appear written by a lead pencil. On June 18, 1926, the use-plaintiff purchased the note from the legal plaintiff and on May 24, 1927, entered judgment against defendants on the note in the sum of $258.75, of which $33.75 represented an attorney's commission. On July 29, 1927, defendants presented their petition to open the judgment and let them into a defense. The petition averred, inter alia, that both defendants entered into the written agreement above mentioned; that the legal plaintiff installed the furnace pursuant to the agreement and defendants paid $80 on account of the installation; that there is still owing on said furnace the sum of $145; that at the time of the execution of the agreement "plaintiff orally agreed that your petitioners should make no payments until the said furnace was tested and operated to their satisfaction;" and further agreed that "if, at any time, the furnace should prove defective during the life of the contract, your petitioners would be excused from making further payments until said defect was corrected;" that these oral promises were the inducing causes for defendant's entering into the written agreement; that on January 5, 1927, defendants notified the legal plaintiff that the furnace was defective; that the legal plaintiff made several attempts to correct the defects without success; that in violation of the oral promises above mentioned judgment was entered on the note; that defendants

"can neither read no write, and that the agent of the plaintiff who represented it in the transaction read the said written agreement to your petitioners, but he wilfully failed or neglected to read that the agreement gave the right and power to confess judgment against your petitioners on default of any of the provisions of the contract." No copy of the contract was attached to this petition. The court below granted a rule to show cause why the judgment should not be opened and stayed all proceedings until the determination of the rule.

On August 13, 1927, the use-plaintiff, by its counsel, Joseph A. Conrad, now deceased, filed an answer demurring to the petition. More than three years later, January 31, 1931, Doty and Thornton, Esquires, entered their appearance for the use-plaintiff and ordered the case on the argument list. On February 16, 1931, when the case came on for argument before the court in banc, an order was made directing the defendants to amend their petition to open the judgment within fifteen days. On March 3, 1931, an amended petition to open the judgment was filed together with a copy of the written agreement. This petition averred, inter alia, that the wife defendant at no time entered into any written agreement with the legal plaintiff; that she did not sign the judgment note, nor authorize her husband or any one else to sign it for her, and that she at no time ever affirmed the note; that the husband defendant signed the agreement pursuant to the promises and representations mentioned in the original petition after having requested the agent of the legal plaintiff to read the agreement to him and after having advised the agent of his inability to read; that the agent read the agreement, but did not read that part which relates to the right to confess judgment on the note attached thereto; and that the note was not read to him, although he re-

quested the reading of the contents of the entire contract.

The contract, a copy of which was attached to the amended petition, provides that default in payment of any installments due under the contract shall render the entire unpaid balance due; that the legal plaintiff shall have the right to assign the contract, and that in the event of such assignment, the owner agrees that he has no defense in whole or in part to the payment of the sums agreed by him to be paid as evidenced by the note; and that "it is expressly understood and agreed that no other agreement, verbal, expressed or implied, shall limit or qualify the terms of this contract unless the same be in writing and signed by both the owner and contractor."

The answer of the use-plaintiff to the amended petition denied all of the material averments thereof except the averment that the wife defendant did not sign the agreement or the note, nor authorize any one to sign either of them for her, and the averment that the husband defendant entered into the written agreement and signed the judgment note after he advised the legal plaintiff's agent who procured the contract, that he could not read, and requested that the contents of the entire contract be read to him, and after said agent failed to read to him the judgment note or that part of the contract which relates to the right of the legal plaintiff to confess judgment on the note. As to these averments the use-plaintiff contented itself by setting up the legal defenses that the wife defendant was estopped from raising any question as to the genuineness of her signature to the contract by reason of her averment in the original petition that she entered into the written agreement, and by her failure to raise in that petition any question as to the genuineness of her signature to the note; and that the husband defendant was precluded by his laches from aver-

ring in the amended petition that he advised the legal plaintiff's agent of his inability to read, and requested him to read to him the contents of the entire contract. When the case came on for hearing before the court in banc on April 13, 1931, it was disposed of on the pleadings, no testimony or depositions having been taken. The court determined that the questions, whether the name of the wife defendant on the note was a forgery, and whether the execution of the contract and note was procured by fraud, should be passed upon by a jury, and the rule to open the judgment was made absolute on those grounds alone.

Counsel for appellant begin their printed argument with the statement that "the whole question is whether judgment was properly opened on the ground of the two new and unexpected defenses which appellees were permitted belatedly to introduce after their delay in asserting them had deprived appellant of all opportunity to contradict them by evidence." It is not contended that the undenied allegations of these defenses did not make a case for a jury. It is urged that because these defenses were not asserted in the original petition to open the judgment defendants could not be permitted to take advantage of them by averring them in the amended petition. The court below thought that appellant was not in a position to raise the question of laches because it could have put the case on the argument list immediately after it filed the answer to the original petition on August 13, 1927, and had the case disposed of by the court below. We agree with him. Defendants' rule had been granted and the execution against them had been stayed until the determination of the rule. As appellant did not exercise its right to bring the case before the court for disposition until three and a half years had elapsed, it cannot charge the delay to defendants. For any prejudice which resulted to it from the delay it is

responsible. "The question of laches does not depend upon the facts that a definite time has elapsed since the cause of action accrued, but whether under the circumstances of a particular case plaintiff failed to exercise due diligence in proceedings to assert his rights:" Edwards v. Western Maryland Ry. Co., 268 Pa. 228.

But we are not persuaded that the original petition did not fairly give notice to appellant that the claim of the defendants was that the execution of the contract and note by them was procured by the fraudulent conduct of the agent of the other party to the contract in failing to read to defendants the part of the contract and the note which related to the right to enter judgment on the note. In our view the averments in the amended petition of the facts relied upon to support the allegation that the husband defendant was induced to sign the note by the fraudulent conduct of the legal plaintiff's agent did not constitute a new ground for the opening of the judgment. Therefore they were proper amendments to those averments of the original petition which alleged that the note was procured from the husband defendant by fraud.

As to appellant's contention that the wife defendant was estopped from setting upon in the amended petition her claim that her signature was a forgery, we are of opinion that it is sound and must be sustained. In the first petition this defendant swore that she entered into the written agreement and gave the note. More than three years later she swore in the second petition that she did not enter into the agreement and that she did not sign the note, nor authorise any one else to sign it for her. No reason is assigned for her failure to allege the forgery in the first petition. She offers no explanation of the fact that she swore in one petition that she signed the contract and in the other she did not sign it. To us it seems clear that

in the circumstances she was estopped from alleging in the second petition the forgery of her signature as a ground for opening the judgment entered against her on the note. It follows that the court was not warranted in opening the judgment against her on that ground.

We think that the court was fully warranted in opening the judgment, in order to permit a jury to pass upon the question whether the defendants' signatures to the agreement were procured by means of the fraud averred in the original and amended petitions. As the note permitted the entry of judgment prior to maturity and was therefore non-negotiable (Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Home Credit Co. v. Preston, 99 Pa. Superior Ct. 457), this defense was available to the defendants as against the use-plaintiff notwithstanding the fact that the contract contained a declaration that the defendants had no defense to the note.

The order of the court below is modified by limiting the defendants to the defense of the fraudulent procurement of their signatures to the note.