Cronauer *v.* Bayer, Appellant, et al.

Argued March 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*E. C. Marianelli,* for appellant.

*Robert F. Dilley,* for appellee.

OPINION BY CUNNINGHAM, J., May 8, 1940:

Adolph Bayer, appellant herein and one of the defendants in a judgment entered against him and Adam Bayer by Nicholas Cronauer, has appealed from an order of the court below discharging his rule to show cause why the judgment should not be opened as to appellant.

The ground assigned for opening was that appellant's purported signature to the note upon which the judgment was confessed is a forgery, and that appellant had no knowledge of the existence of the note or judgment until a scire facias issued to revive the latter was served upon him. The rule was discharged because, in the opinion of the court below, appellant had been guilty of "gross laches."

The disposition of this appeal requires a brief review of the record. The judgment was entered December 30, 1927, at No. 607 January Term, 1928, of the court below, upon a judgment note for $1200 dated December 5, 1927, payable three months after date, signed by appellant's cousin, Adam Bayer, who is not a party to the present proceeding and does not in any way question his liability, and also bearing the purported signature of appellant.

On July 22, 1936, a scire facias was issued to No. 438 October Term, 1936, to revive and continue the lien of the judgment; it was served the following day upon appellant. His counsel, acting under the mistaken impression that he could raise the defense of the forgery of appellant's name by an affidavit of defense to the scire facias, filed appellant's affidavit to that effect on August 10, 1936. In it appellant made the following averment: "Your affiant never signed a note payable to Nicholas Cronauer in the amount of Twelve Hundred Dollars ($1,200) or any other amount whatsoever, or

did he ever receive said Twelve Hundred Dollars ($1,200) or any part thereof, nor did he ever have any transaction with the said Nicholas Cronauer."

Upon Cronauer's rule for judgment for want of a sufficient affidavit of defense, it was correctly held by the court below on June 28, 1937, that the averments in the affidavit "are directed to matters affecting the validity of the original judgment and do not constitute a defense to a scire facias to revive a judgment regular upon its face," and judgment for $500, the balance then due, was directed to be entered against appellant, as well as against Adam Bayer.

Following the issuing of an execution on January 12, 1938, appellant, on February 14th of that year, obtained the present rule to open the original judgment. In his petition appellant recited his unsuccessful attempt to defend in the scire facias proceedings; averred that he had neither signed the note nor authorized any person to do so for him; and that he had "never had any transactions whatsoever with [the plaintiff]."

A further delay from March 1, 1938, to March 13, 1939, was occasioned by an effort upon the part of plaintiff to have appellant's rule to open vacated upon the ground of laches. On the latter date plaintiff's rule to vacate was discharged and he was directed to answer appellant's petition to open. No material averment of the petition was denied in the answer.

On April 17, 1939, testimony was taken upon the rule to open. Cronauer testified, in substance, that he loaned Adam Bayer $1200 in December, 1927, upon the representation that he would have his relative, Adolph Bayer, sign a note along with him; that several days later Adam Bayer produced the note with two signatures upon it and told Cronauer the second signature was Adolph Bayer's. Cronauer also stated Adam Bayer had repaid $700 on account of the loan.

On the question of any knowledge upon the part of appellant of the transaction between plaintiff and Adam Bayer, plaintiff's testimony reads: "Q. Did you ever

talk to Adolph Bayer at or about the time this note was signed? A. No, sir. Q. When was the first conversation you had with him in reference to this note? A. I think after we started proceedings he came down to the house. Q. And by proceedings you mean the sci. fa. to revive the judgment. A. Yes, as far as I know. Q. But so far as you know, Mr. Bayer (Adolph) knew nothing about this note until that time? A. Yes, so far as I know. Q. And you never gave him any money? ...... A. No."

Appellant, when shown the note, denied positively that the signature "Adolph Bayer," appearing thereon, had been written by him. He testified further that the first time he "knew of the existence of this note" was when he was served on July 23, 1936, with the scire facias. The opinion of a handwriting expert, to the effect that the signature "Adolph Bayer" appearing on the questioned note had not been written by appellant, was introduced.

We therefore have an application to open a judgment in which the only conclusion to be drawn from the pleadings and evidence is that appellant's signature to the note in question was forged by, or at the instance of, the person who received the entire loan for the repayment of which it was given. It is also uncontroverted that appellant had no knowledge of the forgery of his signature, which was perpetrated about December 5, 1927, or of the existence of the note until July 23, 1936. It also appears from the record that about seventeen days after appellant became aware of the forgery he contested his liability by a formal pleading and positively asserted he had neither signed the note nor received any of its proceeds. It is true that the manner in which he endeavored to contest his liability was erroneous, as a matter of legal procedure, but the fault was that of his counsel. The litigation relative to the proper method of procedure was not terminated until June 28, 1937, and the judgment for the balance due upon the note was not entered until January 12, 1938.

The most that can be said about delay upon the part of appellant is that he knew, on June 28, 1937, his counsel had adopted the wrong procedure but waited until February 14, 1938, a period of seven and one-half months, before presenting his petition to open the judgment.

The single question involved upon this appeal is therefore whether the court below abused its discretion in holding, under the pleadings and testimony appearing upon this record, that appellant had been guilty of laches so gross as to deprive him of the right to have the question whether his signature to the note is genuine or forged submitted to a jury.

This is not a case of oath against oath but one in which appellant has produced uncontroverted evidence which, if believed by a jury, would sustain a verdict in his favor.

Although an application to open a judgment is an equitable proceeding addressed to the sound discretion of the court, where the undisputed evidence, if believed by a jury, would establish a defense, it is reversible error, in the absence of any legal barrier, not to open the judgment and let the defendant go to a jury: *Kemper v. Richardson,* 72 Pa. Superior Ct. 115. As indicated, the barrier here interposed is laches.

Whether a party is guilty of such laches as would bar his right to be let into a defense depends upon a consideration of all the circumstances of the particular case. This court stated in *Standard Furnace Co., Inc. v. Lorincz,* 106 Pa. Superior Ct. 116, 161 A. 573, at page 122: " 'The question of laches does not depend upon the facts that a definite time has elapsed since the cause of action accrued, but whether under the circumstances of a particular case plaintiff failed to exercise due diligence in proceedings to assert his rights': *Edwards v. Western Maryland Ry. Co.,* 268 Pa. 228."

In *Austen v. Marzolf,* 294 Pa. 226, 143 A. 908, defendant contended that his signature to a note, purportedly signed by him at the instance of his son, was

a forgery. The Supreme Court reversed the refusal to grant his petition to open the judgment. It appeared in that case that defendant delayed six months in employing counsel after learning his signature was forged, and counsel spent some six months in negotiations with the creditor before filing the petition to open. After pointing out that defendant was not precluded from raising the defense of forgery because he may have promised to pay the note if his son did not, Mr. Justice WALLING made the following remark with relation to defendant's alleged laches (page 230) : "It is conceded that the defendant was not guilty of laches, after he employed counsel in December, and it would be a novel conclusion that a party, by six months' delay in moving to open judgment, was precluded from setting up the defense of forgery."

Where an issue was granted on the defendant's allegation of forgery, we held that a delay of over a year in asserting such defense would not in itself preclude defendant, but was a circumstance to be considered by the jury as bearing on the truth or falsity of the allegation: *Shannon v. Castner*, 21 Pa. Superior Ct. 294, at page 326.

This appellant could not be charged with laches until he was put upon notice of the fact that the note bore a signature alleged to be his. Nor can he properly be charged with the delay occasioned by his counsel's mistake in attempting to defend against the scire facias to revive.

Under the facts appearing on this record, a majority of the members of this court are of opinion appellant's delay of seven and one-half months in filing a proper petition (which, however, was filed approximately one month after judgment of revival was actually entered against him), did not amount, as a matter of law, to such laches as to deprive him of a trial upon the merits.

The cases relied upon by appellee as holding there is no inflexible rule requiring the court to open a judgment upon an averment of forgery (*Mutual B. & L.*

*Assn. v. Walukiewicz et al.,* 322 Pa. 240, 185 A. 648, and authorities cited page 242) are distinguishable upon the ground that in those cases the alleged forgeries were seriously disputed.

The order discharging the rule to open the judgment is reversed and the rule made absolute.