## Swedloff et al. v. Palma

*Matthew Kramer* and *Emanuel M. Abel*, for plaintiffs.

*John Garaguso*, for defendant.

SLOANE, J., February 3, 1944.—This is defendant's petition for judgment of non pros.

Plaintiffs' actions are in trespass for negligence—a collision between two motor vehicles on December 17, 1939. The summons went out about six months later, June 21, 1940. The statement of claim was sworn to on November 18, 1943, and filed November 26, 1943, almost three and one-half years after the issuance of the summons, and not quite four years after the accident.

Defendant says "that because of such a long lapse of time, the petitioner has been unable to locate the whereabouts of his witnesses", and "has treated the cause as abandoned".

Plaintiffs' answer sets forth that defendant could have done something about it, that is, following our Rule 135, defendant could have moved for judgment of non pros after a year, and that the witnesses are available.

Plaintiffs' first statement is no reason and of no avail. Defendant's inaction is no release to plaintiffs. Defendant need not make any move: Waring Bros. & Co. v. Pennsylvania R. R., 176 Pa. 172, 178 (1896).

I assume the witnesses are still available. But available as to what? I would think that after a lapse of

four years or more there would be presence of person and not memory, or at least not fresh memory. Anyone with trial experience knows that.

I exercise discretion in disposing of this motion: Pennsylvania R. R. Co. v. Pittsburgh, 335 Pa. 449, 455 (1939). But it is not to the court ex sua sententia. The better part of a court's discretion is law and reason. See Melnick v. Melnick et al., 147 Pa. Superior Ct. 564 (1942), particularly footnote 2 at p. 570.

I think judgment of non pros should be granted:

1. The actions are not complicated and did not require long preparation. According to the statement of claim, plaintiffs were in one car turning east into Dickinson Street from Broad Street. Defendant, in another car, was moving north on Broad Street. Thus the question in the cases is the oft-recurring one of negligence, and since it must have been a right-angle collision or near that, probably contributory negligence; and the injuries were not severe or long-drawn out.

2. The statement of claim was not filed until more than two years after the issuance of the summons, a greater period than that allowed for the issuance of a writ: Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34.

"In Prettyman v. Irwin, 273 Pa. 522, 526, we hold, in effect, that an action will ordinarily be adjudged abandoned where plaintiff permits it to sleep for a longer period than is allowed for the commencement of the suit, unless the laches is satisfactorily explained": Potter Title & Trust Co., Admr., v. Frank et al., 298 Pa. 137, 141 (1929).

See Mr. Chief Justice Maxey's opinion, when sitting in Lackawanna County Common Pleas Court, in Eilenberger v. Delaware, Lackawanna & Western R. R. Co., 6 D. & C. 170, 174-175 (1924), and see recent case note in 17 Temple Law Quarterly 473, 475 (1943).

3. Plaintiffs offer no satisfactory explanation for the delay, in fact, no explanation at all.

The citations of plaintiffs' counsel do not help them at all. It is the fact that in Brewing Co. v. Franey, 39 Pa. C. C. 569 (1912), the suit on an indebtedness was started in 1903, and the declaration not filed till 1911. But defendant was a shareholder and on the board of plaintiff company, and defendant knew he was indebted to plaintiff, for he had a copy of an audit that showed it. More than that, plaintiff with notice to defendant applied defendant's dividends to his indebtedness periodically for five years, from 1903 to 1908.

"Plaintiff, relying upon defendant's said acquiescence in this application of the dividends, did not file a declaration in or urge said suit."

That is a good enough reason for not going ahead, and it was not till 1911 when "defendant brought suit against plaintiff in this court to recover the dividends so applied" that plaintiff proceeded with its suit.

In Hass v. White Haven Borough, 54 Pa. Superior Ct. 75 (1913), suit was brought in 1907, on an injury occurring in 1906, and the statement of claim was not filed till 1911.

But (p. 77), "The facts of this case as established for the purpose of this rule by the petition and answer, are peculiar, and without undertaking to recite them at length, we think they demonstrate an impression in the minds of counsel for both parties that the plaintiff's statement had been filed. Acting under this impression, a plea was entered and the case was put upon the trial list at three terms. This being so, the presumption of abandonment, which is the basis of the present application, is not established either expressly or by constructive inference from delay, and accordingly the rule is discharged."

In Edwards v. Western Maryland Ry. Co., 268 Pa. 228 (1920), plaintiff filed two suits in two different counties on the same cause of action ex majori cautela. The second action was brought in York County, during

the pendency of the motion to dismiss the first action in Allegheny County, two days before the statute barred recovery. Under the circumstances there was no laches "but, on the other hand, there was good reason in delaying the institution" of the York County action.

And now, February 3, 1944, defendant's motion is granted, and judgment of non pros is hereby entered.