ROY F. ANTHONY, DEFENDANT IN ERROR, v. CHARLES A. WILSON, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

In a suit upon a judgment recovered in a foreign state, a charge of the court that "the presumption is that this judgment was valid, and in order to overcome that presumption the burden of proof rests upon the defendant to satisfy you by a preponderance of the evidence that the judgment was rendered without jurisdiction first having been obtained over him by the foreign court. If he has failed to satisfy you of that fact by a preponderance of the evidence, the plaintiff is entitled to your verdict," is a correct statement of the law.

On error to the Supreme Court.

For the plaintiff in error, *James M. Trimble.*

For the defendant in error, *Thomas L. Raymond.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff, holding by assignment a judgment obtained by Samuel L. Bailey against the defendant in the city court of the city of New York, seeks to recover the amount of that judgment from the defendant in the Supreme Court of this state.

The declaration sets forth the New York judgment as a ground of recovery.

Article 4, section 1, of the constitution of the United States

provides: "Full faith and credit shall be given in each state to public acts, records and judicial proceedings of every other state."

Under this clause it was held, in *Mills* v. *Duryee, 7 Cranch* 481, by the Supreme Court of the United States, that when an action was brought in one state upon a judgment of a superior court of another state, the judgment sued upon would be in all respects of the same effect as a judgment of a court in the state where the action was brought. This decision was followed by the courts of the several states only in cases where the defendant appeared or was served with process, and where actions were brought upon judgments obtained without due process or appearance those courts sustained a special plea in bar setting up that fact as a ground of defence. *Moulin* v. *Insurance Company, 4 Zab.* 222, 231.

This course of decision has been sanctioned by the Supreme Court of the United States in *D'Arcy* v. *Ketchum, 11 How.* 165, and is now regulated in this state by the sixteenth section of "An act concerning evidence" (Revision of 1900) (*Pamph. L., p.* 362), which is as follows: "In any suit upon a foreign judgment or a judgment of any court out of the state, the defendant or person sought to be affected by such judgment may show that the defendant therein was not summoned, did not appear, or was not within the jurisdiction of the foreign court, notwithstanding it may be recited in the record of such proceedings that he was summoned or did appear, or was within the jurisdiction of such court; and such recital shall not conclude said defendant or estop him from proving that the same is not true."

The defendant pleaded as the general issue to this action *nil debet* and also a plea that he never was served with any process in the suit in which the judgment in the plaintiff's declaration mentioned was obtained; that he did not appear to said suit in person or by attorney, and that he was not resident or present within the jurisdiction of the said court in which the said judgment was rendered at any time pending the suit or when judgment was rendered therein.

It is necessary that the facts relied upon to avoid a judg-

ment should be specially pleaded and not given in evidence under the general issue of *nil debet.* *Moulin* v. *Insurance Company, supra;* 23 *Cyc.* 1573.

The issue tendered by the plaintiff was the existence of a judgment of a foreign state valid so far as appeared from record.

When its existence was proved and it appeared valid on its face the plaintiff had proved his case and was entitled to a recovery in the absence of anything oh the part of the defendant.

If the defendant had pleaded anything which would prevent this result, if proved, he was then called upon to establish his plea and show why the plaintiff should not recover. This he must do by such evidence as would in the minds of the jury overcome the case of the plaintiff.

The trial proceeded upon this theory: The plaintiff proved the existence of the judgment in the New York court by a properly certified copy of the record and rested his case. The defendant then offered evidence to show that he was never served with process, did not appear and was not present within the jurisdiction of the court at any time pending the suit or when judgment was rendered.

In submitting the case to the jury for their determination of issues involved, the trial justice instructed the jury as follows: "The presumption is that this judgment was valid, and in order to overcome that presumption the burden rests upon Mr. Wilson (the defendant) to satisfy you, by a preponderance of evidence, that the judgment was rendered without jurisdiction first having been obtained over him by the New York court. If he has failed to satisfy you of that fact by a preponderance of the evidence, the plaintiff is entitled to your verdict."

Judgment having been rendered for the plaintiff, the defendant alleges that there was error in this instruction. The charge, however, in this particular is in line with all the authorities. It was thus stated in 13 *Am. & Eng. Encycl. L.* (*2d ed.*) 1029: "Lack of jurisdiction in a court of a sister state is a fact to be established by him who asserts it; the burden

of proof is upon him, because the presumption in the absence of evidence is in favor of the authority and jurisdiction of the court."

23 *Cyc.* 1573: "The presumption is in favor of the jurisdiction of the court rendering the judgment and the validity of the judgment, and the burden is on the defendant if he denies this, as also where he sets up payment and satisfaction or any other affirmative defence."

We find no error in the direction to the jury by the trial justice, and the judgment below is affirmed.

*For affirmance*—The Chancellor, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J. 15.

*For reversal*—None.