FREDERICK M. ROLLENHAGEN, PLAINTIFF, v. HARRY S. STEVENSON, DEFENDANT.

Dated July 3, 1945.

For the plaintiff, *Drewen & Nugent.*

For the defendant, *Frank C. Scerbo.*

LEYDEN, S. C. C. Plaintiff moves to strike the answer of the defendant to the complaint on an alleged judgment obtained against the defendant on his agreement and confession of judgment in the State of New York, and entered on or about the 15th day of September, 1926, in the Supreme Court,

New York County. The companion application for summary judgment was properly abandoned for lack of authority of the Supreme Court Commissioner to enter a judgment in a Supreme Court issue. *Milberg* v. *Keuthe,* 98 *N. J. L.* 779; 121 *Atl. Rep.* 713.

The complaint is in the usual form and contains, by incorporation and reference, what purports to be an exemplified copy of the judgment record of the New York court, with the defendant's statement and confession of such judgment dated September 1st, 1925, annexed thereto.

The answer contains a general denial and five separate defenses. Considering the defenses *seriatim,* we have the first, which is attacked as insufficient in law and sham. It sets up that the alleged judgment sued upon is void for lack of jurisdiction of the court in which it was entered by reason of the non-residence of the defendant in New York County on September 1st, 1925, the time of the making of the statement and confession of judgment. It appears from the motion papers that the defendant was not a resident of New York County at the time mentioned, and that such residence is a prerequisite to the entry of a valid judgment on confession under the law of the State of New York. *New York Civil Practice Act,* § 543; *Williams* v. *Mittlemann,* 259 *App. Div.* 697; 20 *N. Y. S.* (2d) 690.

This defense is sufficient in law. A defendant may impeach a judgment of a sister state upon the ground that the court of the sister state lacked jurisdiction over the subject-matter for failure to conform strictly to the authority given by the defendant and granted by the statutes of that state. *Grover & Baker Sewing Machine Co.* v. *Radcliffe,* 137 *U. S.* 287; 11 *S. Ct.* 92; *National Exchange Bank of Tiffin* v. *Wiley,* 195 *U. S.* 257; 25 *S. Ct.* 70; *Hazel* v. *Jacobs,* 78 *N. J. L.* 459; 75 *Atl. Rep.* 903; 34 *C. J.* 102, ¶ 274.

The second separate defense, attacked as insufficient in law, pleads *nul tiel record,* i. e., no such record. Under it the defendant may show the non-existence of the record as a record without contradicting the recitals in the alleged record itself. The motion papers point out that the original confession and judgment roll are missing from the files of the

New York County clerk's office. This defense is sufficient in law.

The third, fourth and fifth separate defenses, challenged as insufficient in law and sham, deny the existence and validity of the alleged assignment and the consideration therefor from American Cities Company, Inc., the judgment creditor, to the present plaintiff, dated March 13th, 1945, upon the ground of the non-existence of that corporation, it having been dissolved by proclamation of the New York Secretary of State on December 15th, 1930. The complaint contains an allegation that the judgment creditor assigned and transferred all its right, title and interest in and to said judgment from the present plaintiff for a legal and valuable consideration. The answer contains a general denial, and this denial squarely places the burden upon the plaintiff to prove a valid and legal assignment of such judgment. The non-existence, invalidity, illegality and failure of consideration for such assignment need not be specially pleaded. The third, fourth and fifth separate defenses are therefore unnecessary and improper. They will be stricken. *Cf. Gionti* v. *Crown Motor Freight Co.,* 128 *N. J. L.* 407; 26 *Atl. Rep.* (*2d*) 282.

In a suit on a judgment entered of record in a court of a sister state, the facts relied upon to avoid such judgment, *e. g.,* lack of jurisdiction of the court of the sister state over the subject-matter or the non-existence of the judgment record, must be specially pleaded and may not be given in evidence under the general issue. *Moulin* v. *Insurance Co.,* 24 *N. J. L.* 222; *Beale* v. *Berryman,* 30 *Id.* 216; *Anthony* v. *Wilson,* 74 *Id.* 630; 65 *Atl. Rep.* 988.

The motion, as to the general denial and first and second separate defenses is denied, and granted as to the third, fourth and fifth separate defenses.