Nachman M. Gerber, Para One Corp. and Para Two Corp., Appellants *v.* Commonwealth of Pennsylvania, Department of Revenue, Appellee.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John D. Rively,* for appellants.

*John F. Lyons,* with him *Becky Ammerman Titus,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 19, 1978:

This is an appeal from the refusal of the Court of Common Pleas of Dauphin County to open a judgment entered against Nachman M. Gerber, a principal of Hotel Harrisburger, Inc., and two corporate sureties on June 27, 1974. We affirm.

On September 19, 1969, Hotel Harrisburger, Inc., ceased business operations, due to insolvency. At the time, tax assessments made against the corporation for 1969 and prior years, pursuant to the Tax Act of 1963 for Education (Act),[1] *formerly* 72 P.S. §3403-1 et seq., remained unpaid. The Commonwealth believed that a certain percentage of the amount due constituted taxes collected by Gerber, as an officer of the corporation, but not remitted to the Commonwealth, and that Gerber was personally liable for the payment of this percentage under Section 535 of the Act, *formerly* 72 P.S. §3403-535. A criminal action was instituted against Gerber pursuant to Section 573 of the Act, *formerly* 72 P.S. §3403-573, but was discontinued after the execution, on November 25, 1970, of an agreement between Gerber and the Commonwealth.

This agreement acknowledged the indebtedness of Hotel Harrisburger, Inc., as well as the fact that Gerber "may, under applicable statutes, be personally liable for all or a portion of said tax indebtedness." The agreement further recited that Gerber had delivered to the Commonwealth a judgment note in the amount

---

[1] Act of March 6, 1956, P.L. (1955) 1228, *as amended,* repealed by Section 280 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7280.

of $8,341.96 "to secure the payment of any personal liability of Gerber."[2] The Commonwealth was authorized to enter the judgment note of record at any time. However, Gerber was given 24 months from the date of the agreement to submit evidence to adjust the indebtedness represented by the note, during which time the Commonwealth agreed not to seek execution on the judgment. Finally, the agreement recognized Gerber's right to petition to open the judgment "in the event the parties hereto are unable to agree as to the actual amount due."

Gerber never submitted any evidence to the Commonwealth, and his right to do so under the agreement expired on November 25, 1972. The Commonwealth did not enter the judgment note of record until June 27, 1974. Notice of the entry of judgment was properly forwarded to Gerber. Under the terms of the agreement, the Commonwealth could have sought immediate execution, since more than 24 months had passed since the date of the agreement, but execution proceedings were not instituted until October 14, 1976, over 2 years later. On October 26, 1976, Gerber filed a petition to open judgment.[3] This petition was denied by the Court of Common Pleas of Dauphin County because it had not been promptly filed and because no defense had been shown to exist on the merits. This appeal followed.

> One who petitions to open a confessed judgment must act promptly and aver a meritorious defense. . . . A petition to open judgment is addressed to the sound discretion of the court

---

[2] Gerber signed the judgment note in his individual capacity and as president of Para One Corporation and Para Two Corporation.

[3] Gerber included a petition to strike which was denied by the lower court since no irregularities appeared on the face of the record. This portion of the lower court's ruling has not been challenged.

and is an appeal to the court's equitable powers. Atlas Aluminum Corporation v. Methods Research Products Company, 420 Pa. 407, 218 A.2d 244 (1966). The action of the lower court will not be reversed unless a clear abuse of discretion appears or an error of law was committed. (Citation omitted.)

*Wenger v. Ziegler,* 424 Pa. 268, 272-73, 226 A.2d 653, 655 (1967).

The lower court cannot be said to have abused its discretion in deciding that Gerber's petition to open had not been promptly filed. At the time the judgment was entered on June 27, 1974, over $3\frac{1}{2}$ years had passed since the execution of the agreement, Gerber's right to submit evidence to the Commonwealth to reduce the amount of the note had long since expired, and it was apparent that the parties had failed to reach agreement on the actual amount due and owing by Gerber. Thus, by virtue of the agreement itself, Gerber could have immediately petitioned to have the judgment opened. Instead, he waited for a period of over 2 years. The lower court properly determined that this delay barred Gerber from seeking to open the judgment.[4] *See, e.g., Ruczynski v.*

---

[4] The defense on the merits which Gerber claims to have submitted to the lower court was that the agreement pursuant to which the judgment note was delivered constituted security for Gerber's liability, if any, *as determined through the assessment and appeal procedures provided for in Sections 540-545 of the Act, formerly* 72 P.S. §§3403-540 to 545, and that no such assessment had ever been made against him. Even assuming that this defense has merit, it does not explain or excuse Gerber's 2-year delay in seeking to open the judgment. When judgment was entered in June 1974, the Commonwealth's right to make such an assessment had expired by virtue of the 3-year limit established by Section 560 of the Act, *formerly* 72 P.S. §3403-560. Gerber's construction of the agreement could have been immediately presented to the court by way of a petition to open. No explanation has been offered for his failure to do so.

622

*Jesray Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974) (petition filed 10 months after receipt of notice of entry of judgment untimely) ; *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) (lower court erred in opening judgment despite 55-day delay in filing petition).

Order affirmed.

### ORDER

AND Now, this 18th day of September, 1978, the order of the Court of Common Pleas of Dauphin County, dated March 14, 1977, is hereby affirmed.