164 N.J. Super. 317 (1978)
396 A.2d 347
CENTRAL STATE BANK, A BANKING CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
HUDIK-ROSS CO., INC., MARIAN HUDIK, ET AL., DEFENDANTS, AND MARIAN HUDIK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 21, 1978.
Decided December 7, 1978.
*319 Before Judges LYNCH, CRANE and HORN.
Mr. Howard I. Brenner, of the New York Bar, argued the cause for appellant (Messrs. Lehman & Wasserman, attorneys; Mr. Douglas A. Kent on the brief).
Mr. Brian R. Donnelly argued the cause for respondent (Messrs. Kors & Rubin, attorneys).
The opinion of the court was delivered by HORN, J.A.D.
Defendant Marian Hudik, the sole appellant in this appeal (hereinafter sometimes referred to as "defendant"), challenges a summary order of the trial court which she claims would subject her condominium *320 apartment to levy and sale under plaintiff's judgment, in violation of an alleged agreement with plaintiff that would exempt said apartment therefrom.
The principal facts leading to this controversy are not controverted. Hudik-Ross Co., Inc. borrowed money from time to time from plaintiff Central State Bank, a banking corporation of the State of New York. On or about September 18, 1975 the corporation executed a promissory note to plaintiff in the principal sum of $200,000, payable at the expiration of two months from said date. On or before said date, at the demand of plaintiff, certain corporations and individuals (including Frank Hudik, president of Hudik-Ross, Inc., and his wife, defendant Marian Hudik) executed and delivered to plaintiff their individual personal written guaranties of payment of said loans. Frank Hudik delivered Marian's signed guaranty to John P. Condon, a senior vice-president of the bank. At the bottom of said guaranty, with the knowledge of Condon, Frank wrote:
This guarantee does not extend to nor does it include any or all interest in a residence located at 411 N. Woodland St., Englewood, N.J.
On August 16, 1976 a default judgment was entered against defendant and the others in the Supreme Court of the State of New York for the amount of $62,318.58 and interest and costs. Thereafter, in February 1977, the bank instituted an action in the Superior Court of New Jersey, Law Division, on the New York judgment, for the recovery of $64,383.73 and interest, costs and attorneys' fees.
In June 1977 Marian sold her residence at 441 Woodland Street and used the proceeds to partially pay for a condominium apartment in Cliffside Park, New Jersey.[1]
*321 In response to plaintiff's motion for summary judgment in this action,[2] defendant filed affidavits seeking only to exclude from the effect of the judgment to be entered her current condominium residence as an asset which could be sold under execution. On October 17, 1977 the judge decided that defendant's objection to the entry of judgment was premature. He ordered that summary judgment should be entered for plaintiff and that the issue raised as to plaintiff's right to levy upon the condominium should be decided on order to show cause after a writ of execution was issued against the condominium residence.
On November 17, 1977 plaintiff caused a writ of execution to be issued on its judgment in this State and the sheriff duly levied on the interests of Frank Hudik and defendant in the condominium premises. On December 12, 1977 the trial judge issued an order directing plaintiff to show cause why the condominium property should not be "adjudged to be exempt from the judgment." In the meantime, plaintiff was restrained from causing execution upon said property.[3]
Defendant argued before the trial court, as she argues before us, that the foregoing endorsement written on the guaranty by her husband was intended to exclude from the effect of the judgment her residence wherever it was located, and not just the house that was referred to in the writing; that if reformation was necessary, she should be afforded the opportunity through a hearing to establish that there had been a mutual mistake when the intention of the parties was reduced to writing by her husband.
The judge decided that full faith and credit must be accorded to the default judgment entered in New York, and *322 that, since no conditions were imposed on that judgment and since there was a merger of the guaranty into the judgment, "there [would] be no purpose in attempting now to reform, revise, amend a judgment in New York." Accordingly, he denied the relief sought. We disagree and remand.
A judgment of a sister state is res judicata as to all matters in issue and determined by the judgment. It is also binding as to all issues necessarily implied in or to be inferred from the judgment, in the sense that the judgment could not have been rendered without the finding or determination of such matters, or which might have been litigated and decided as incident to or essentially connected with the subject matter of the foreign suit. Pierrakos v. Pierrakos, 148 N.J. Super. 574, 579 (App. Div. 1977). The issue raised before the trial judge in the instant case was not necessarily implied in or to be inferred from the judgment entered in New York. The writing under review was purely collateral to it. It was an independent agreement which in no way affected defendant's liability to the bank or the judgment it sought. Judgment could have been and was entered against her and the others completely without regard to the enforcement thereof. That judgment gave to plaintiff no rights in defendant's property in New Jersey. Montgomery v. Armstrong, 128 N.J. Eq. 554, 556 (Ch. Div. 1941). See also Janvari v. Peter Schweitzer Co., 21 N.J. Super. 248 (App. Div. 1952).
Plaintiff argues that defendant was estopped from raising the issue of exemption of her property in the proceedings in New Jersey because she did not seek a construction of the agreement concerning the premises in the New York proceedings which culminated in the judgment against her by default. This argument is unacceptable, not only because, as we have stated, it was not an issue which was necessarily implied in or to be inferred from the judgment entered in New York, but also because it is the rule that a default judgment does not estop a defendant as to matters which he or she might have affirmatively pleaded but failed to *323 plead. Texas Co. v. Di Gaetano, 71 N.J. Super. 413, 432 (App. Div. 1962), aff'd 39 N.J. 120 (1963).
Plaintiff further urges that, even if defendant is not otherwise estopped from asserting her guaranty defense, parol evidence is inadmissible to vary the clear and unambiguous terms of a written agreement. But this contention begs the issue. The trial court never reached the question of whether the terms were ambiguous or not. Its decision was founded solely on its conclusion that the issue was res judicata. As indicated hereinafter, the question of ambiguity may be decided on remand.
In any event, parol and extrinsic evidence is admissible in a suit to reform the terms of a written instrument on a claim of mutual mistake, without regard to whether the writing is in fact ambiguous.[4]
Whenever an instrument is drawn with the intention of carrying into execution an agreement previously made, but, by reason of mistake or inadvertence of the draftsman or scrivener as to a matter of fact, it does not fulfill the intention of the parties, but violates it, there is ground to correct the mistake by reforming the instrument. [76 C.J.S., Reformation of Instruments, § 26 at 356 (cited in Paz v. DeSimone, 139 N.J. Super. 102, 105 (Ch. Div. 1976))][5]
For a court to grant reformation there must be "clear and convincing proof" that the contract in its reformed, and not original, form is the one that the contracting parties understood and meant it to be. Brodzinsky v. Pulek, 75 N.J. Super. 40, 48 (App. Div. 1962) cert. den. 38 N.J. 304 (1962). However, the rule that contracts may *324 be reformed where there has been a mutual mistake is "well settled in our jurisprudence." Savings Inv. & Trust Co. v. Conn. Mutual Life Ins. Co., 17 N.J. Super. 50, 55 (Ch. Div. 1951); see Heake v. Atlantic Casualty Ins. Co., 15 N.J. 475, 481 (1954).
In the case at bar, defendant not only produced her own and her husband's affidavits alleging a drafting mistake in the guaranty in that the parties intended that any residence of Marian be exempt, but in addition she introduced the affidavit of the said John P. Condon, vice-president of Central State Bank. His affidavit states, in pertinent part:
* * * * * * * *
4. I personally discussed the necessity of obtaining Marian Hudik's guaranty with her husband, Frank Hudik. He advised me that he would obtain his wife's guaranty on the condition that her home would be specifically excluded from said guaranty so that she would not be placed in danger of losing her residence as the result of her execution of said guaranty.
5. I agreed on behalf of Central State Bank to this exclusion being incorporated in Marian Hudik's guaranty, and Frank Hudik proceeded to write certain language on the bottom of the guaranty in order to attempt to effectuate our agreement.
6. There was no discussion between Frank Hudik and myself regarding limiting the aforesaid exclusion from Marian Hudik's guaranty to any particular residence of Marian Hudik, nor was it intended that the exclusion should be limited to any particular residence of Marian Hudik.
Accordingly, we are satisfied that defendant should have been afforded the opportunity to prove through an evidential hearing, if the subject writing was ambiguous, what the true intention of the parties was with respect to said writing, or, if not ambiguous, then whether she was entitled to reformation of the writing in accordance with the true intendment of the parties, by virtue of a mutual mistake. It will be noted that under R. 4:67-5 a court may order a matter which is before it on order to show cause to proceed as a plenary action. If the trial court concludes that defendant is entitled to relief, it will also determine the extent thereof.
*325 In view of the foregoing, the cause is remanded to the trial court for proceedings not inconsistent with this opinion. We do not retain jurisdiction. We direct that the restraints continue until final judgment is entered upon the remand and until further order of the trial court.
NOTES
[1] According to defendant's brief, the net proceeds from the sale of 441 Woodland St. were used to make up part of $30,000 down-payment on the condominium at 300 Winston Drive.
[2] Appendices filed by the parties do not show any answer filed by defendant. We assume that there was an answer, since plaintiff moved for summary judgment.
[3] By virtue of restraints issued thereafter, both in the trial court and here, such restraint has continued pending final determination of the issue.
[4] The guaranty provides that it "shall for all purposes be governed by the law of the State of New York." However, both plaintiff and defendant concede that the parol evidence rule as followed in New York and New Jersey leads to similar results.
[5] Although the trial judge in passing mentioned that the writing was "obviously ambiguous," it should be noted that the judge granted the challenged order solely on his concept that defendant was foreclosed from raising the issue by reason of the New York judgment.