181 N.J. Super. 149 (1981)
436 A.2d 965
UNITED PACIFIC INSURANCE COMPANY, PLAINTIFF,
v.
ESTATE OF ANGELO LAMANNA, DECEASED AND ROSE LAMANNA, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided May 1, 1981.
*153 Gary J. Lesneski for plaintiff (Archer Greiner & Read, attorneys).
Louis J. Greco for defendants (Donio & Greco, attorneys).
HAINES, J.S.C.
The United States Constitution, Art. IV, § 1, provides in part that
Full Faith and Credit shall be given in each State to the Public Acts, Capital Records, and Judicial Proceedings of every other State.
Plaintiff United Pacific Insurance Company entered a judgment by confession in Pennsylvania against Angelo Lamanna, who is now deceased, and his wife Rose, in the amount of $30,000. The present suit is based upon that judgment and seeks the entry of a like judgment in New Jersey, with interest.
Plaintiff, acting as surety, executed certain performance bonds in connection with Pennsylvania construction projects, requiring, however, as a condition precedent to its execution of these bonds, the delivery of an indemnity agreement, signed by the Lamannas and others, as security for its undertaking. The required agreement was signed and delivered by the Lamannas. It contained the following provision for the confession of judgment:
... That if Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any claim, demand, liability, expense [etc.]... to immediately upon demand deposit with Surety an amount of money sufficient to cover such reserve and any increase thereof ... and the undersigned, in the event of their failure to comply with such demand, hereby authorize and empower any attorney of any court of record of the United States or any of its territories or possessions, to appear for them or any of them in any suit by Surety and to confess judgment against them or any of them for any sum or sums of money up to the amount of any or all bond or bonds, with costs, interest and reasonable attorneys fees, such judgment, however, to be satisfied upon the payment of any and all such sums as may be found due by the undersigned to Surety under the terms of this Agreement. Demand shall be sufficient if sent by registered or certified mail to the undersigned at the address or addresses given herein or last known to Surety, whether or not actually received.
In March 1976 plaintiff established a $250,000 loss reserve on one of the bonds and sent a written demand to the Lamannas, *154 among others, requesting the deposit of an amount sufficient to cover the reserve and any increase thereof. The demand was not honored and United Pacific confessed judgment against the Lamannas in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, on December 20, 1976 in the amount of $30,000. The judgment has not been paid.
Cross-motions for summary judgment have been filed. The central facts as to many issues are not in dispute and may be disposed of as questions of law. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).

I. The Pennsylvania Proceedings
On December 20, 1976 Pennsylvania counsel for United Pacific filed a complaint for confession of judgment in the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to Pennsylvania Rule of Civil Procedure 2951(b), and judgment was thereby entered against the Lamannas. On the same date the Pennsylvania prothonotary sent notice of the entry of judgment to the Lamannas, pursuant to Pennsylvania Rule 236. Rose Lamanna denies receipt of the notice. Her husband, Angelo Lamanna, died on February 23, 1977. On August 5, 1977 United Pacific's Pennsylvania counsel wrote to the Lamannas regarding their liability. The letter said, in part: "As you know, judgment has been entered against you in the amount of your liability on the indemnity agreement which you signed...." Additional letters containing similar references to the judgment were sent to the Lamannas on October 21, 1977 and December 22, 1977. Counsel spoke to Rose Lamanna by telephone in December 1977; she acknowledged receiving the correspondence and said she had ignored the letters on the advice of her son. Pennsylvania Rule 2959 permits a defendant against whom a judgment by confession has been entered to obtain relief therefrom by petition. It does not fix a time limit within which such petition must be filed. The Lamannas have never applied for relief under this rule.
*155 This suit was commenced by United Pacific on April 4, 1978. Defendants, for the first time, claim that the Pennsylvania judgment is not entitled to full faith and credit. Angelo Lamanna is said to have died without assets. The motion for summary judgment, while made on behalf of his estate and Rose Lamanna, is supported by an affidavit setting forth facts concerning her alone. She contends that she never received notice from United Pacific demanding money pursuant to the indemnification agreement. While not denying that she signed the agreement, she says it was not signed in Pennsylvania. Finally, she states that the contents of the indemnity agreement were never explained to her, that she was not advised that it contained a confession of judgment clause and that the nature and effect of that clause was not disclosed to her. These facts are accepted as true for the purpose of this decision. It appears from other proofs that the indemnity agreement was mailed to the Lamannas, signed and returned by them to a Pennsylvania notary public who completed the acknowledgement. The acknowledgement, signed by the notary, says that "before me personally appeared Angelo Lamanna and Rose Lamanna ... who executed the foregoing agreement and acknowledged that they executed the same for the purposes, consideration and uses therein set forth as their free and voluntary act and deed." This was not true.

II. The Full Faith and Credit Clause
New Jersey courts have long recognized foreign judgments by confession and have held that they are entitled to full faith and credit. Hazel v. Jacobs, 78 N.J.L. 459 (E&A 1910). In Gotham Credit Corporation v. Powell, 22 N.J. Misc. 301 (Dist.Ct. 1944), a judgment by confession was given full faith and credit although the warrant upon which the judgment was entered did not comply with New Jersey requirements. See, also, Rollenhagen v. Stevenson, 23 N.J. Misc. 219 (Sup.Ct. 1945). Judgments by confession are permitted in New Jersey, R. 4:45, although they will not be enforced unless there is strict compliance with all required procedures. Friendly Consumer Discount Co. v. *156 Foell, 39 N.J. Super. 410 (App.Div. 1956). No public policy denies recognition to a foreign judgment by confession. In Zelek v. Brosseau, 47 N.J. Super. 521 (App.Div. 1957), aff'd 26 N.J. 501 (1958), the Appellate Division said:
There may be exceptional cases where the full faith and credit clause does not require that recognition be given a judgment of a sister state which is in violation of the laws and policy of the forum, but, it has been said, there are no exceptions in the case of a money judgment rendered in a civil action by the Courts of another state. [at 523]
This general rule of deference is modified by two decisions of the United States Supreme Court: Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), and Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Overmyer dealt with an Ohio judgment entered on a cognovit note, i.e., a note containing a clause which permitted entry of judgment by confession. The Supreme Court held that "a cognovit clause is not, per se, violative of the Fourteenth Amendment due process." 405 U.S. at 187, 92 S.Ct. at 783. It decided that due process requirements of reasonable notice and opportunity to be heard could be waived and were waived by Overmyer. That conclusion was reached because the judgment debtor was a corporation, represented by counsel, aware of the significance of the note and of the cognovit provision for which it received consideration. It was found that Overmyer signed the note in an arms-length transaction, knowingly and voluntarily agreeing to the procedure for confession of judgment. The court, said, however, that
Our holding, of course, is not controlling precedent for other facts of other cases. For example, where the contract is one of adhesion, where there is great disparity in bargaining power and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue. [at 188, 92 S.Ct. at 783]
The court commented upon the fact that the judgment debtor could apply to the Ohio court to vacate the judgment provided it showed that it had a valid defense. Justice Douglas, concurring, noted that a confessed judgment in Ohio must be vacated if the debtor's claimed defense was sufficient to raise a jury question.
*157 In Swarb, a class action and a companion case to Overmyer, a three-judge District Court held that the Pennsylvania confession of judgment system complies with due process standards only when it is shown in a given case that "there has been an understanding and voluntary consent of the debtor in signing the document." 314 F. Supp. at 1091. Absent such consent, the procedure violates due process requirements of notice and opportunity to be heard. The court also decided that natural persons residing in Pennsylvania, who signed consumer financing contracts and leases containing cognovit provisions need show only that their incomes were under $10,000 annually to prove that they did not intentionally waive known rights when they executed confession of judgment clauses. The District Court said:
The evidence indicates that the debtors did not fully understand the rights which they were relinquishing by signing these notes, that is, the right to have notice and an opportunity to be heard prior to judgment, the right to have the burden of proving default rest upon the creditor before their property could possibly be exposed to execution, and, finally, the right to avoid the additional expense of attorneys fees and costs incident to opening or striking off a confessed judgment ... [at 1100]
Swarb was appealed to the United States Supreme Court by the plaintiffs, who argued that Pennsylvania confession procedures were invalid as to all judgment debtors in Pennsylvania, not merely those within the $10,000 class. Defendants did not cross-appeal. The Supreme Court, affirming the District Court, refused to decide that every Pennsylvania confession of judgment proceeding was unconstitutional; it had already decided, in Overmyer, that such judgments were not invalid per se. The court observed that cases involving other facts might require a different conclusion.
Overmyer and Swarb were applied in Community Thrift Club, Inc. v. Dearborn Acceptance Corp., 487 F. Supp. 877 (D.C.N.D.Ill., E.D. 1980). There the court held that due process requirements of notice and hearing could be satisfied if appropriate post-judgment remedies were afforded. It said, however, that "such post judgment remedies are not sufficient if the debtor cannot challenge the cognovit clause prior to the deprivation of his property *158 through execution of the confessed judgment." At 883. Community Thrift involved Illinois proceedings for the garnishment of wages. The Illinois statute permitted wages to be garnished after the entry of judgment by confession, provided adequate notice of the garnishment undertaking was given to the debtor and an opportunity provided to challenge the waiver of notice and hearing with respect to the entry of the judgment. The court decided that the Illinois statute was unconstitutional. It required only one attempt to make personal service of the garnishment notice upon the debtor and then permitted service to be made upon the debtor's employer. A copy of the summons and not of the complaint was all that the statute required. The court noted that (at 884) "due process requires notice reasonably calculated to apprise the defendant of the action against him," citing Mullane v. Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). It found that the notice provision of the Illinois statute was not reasonable.
Defendants suggest that Atlas Credit Corp. v. Ezrine, 25 N.Y.2d 219, 303 N.Y.S.2d 382, 250 N.E.2d 474 (Ct.App.N.Y. 1969), should be adopted as the law which controls the pending action. In that case plaintiff brought suit in New York to enforce two judgments obtained in Pennsylvania by confession. The New York court found that the Pennsylvania proceedings were facially unconstitutional. It determined that (1) a cognovit judgment did not involve a "judicial proceeding" within the intendment of the Full Faith and Credit Clause since the judgment was entered by a prothonotary and was merely a form of debt instrument given the sanctions of a judgment without minimal judicial processes normally required, and (2) the warrant in Atlas did not provide due process because it authorized the entry of judgment "anywhere in the world without notice." Atlas was cited in Swarb (405 U.S. at 196, 92 S.Ct. at 770) only with the comment that "[t]he pervasive and drastic character of the Pennsylvania system has been noted."
*159 Swarb and Overmyer were decided three years after Atlas. They held that judgments entered by confession were not invalid on their face; that a knowing waiver of due process requirements, both possible and permissible, would make these judgments effective. In particular, Swarb so held as to Pennsylvania confession proceedings. This is the rule in New Jersey. Our Supreme Court, in Battle v. General Cellulose Co., 23 N.J. 538 (1957) said:
It is well settled that a personal judgment may be rendered against one who is neither served with process in the state nor domiciled in nor a citizen of the state if he consents to jurisdiction over him. Consent may be given in advance of the controversy, and if the terms of the consent are met, the judgment is binding and entitled to full faith and credit. [at 546]
Overmyer suggested, without deciding, that an after-judgment opportunity to have a hearing on the waiver question would satisfy due process requirements. This suggestion was the holding in Community Thrift Club v. Dearborn Acceptance Corp., supra. Our rules permit the entry of default judgments by the clerk of the court, an official in a position parallel to that of the prothonotary in Pennsylvania. Atlas might deny full faith and credit to these judgments. Neither Overmyer nor Swarb discussed this aspect of the Atlas decision, but it seems clear from these holdings that this basis for denying full faith and credit to judgments entered by confession is not acceptable.
The Atlas conclusion, that an overbroad warrant violates due process requirements, has never received the attention of the United States Supreme Court, except in a dissenting opinion in National Equipment Rental v. Szukhent, 375 U.S. 311, 328, 84 S.Ct. 411, 421, 11 L.Ed.2d 354 (1964), a case involving a commercial contract made by Michigan farmers who consented to suit in New York. In that case Justice Black said:
The Court relies on the printed provision of the contract as a consent of the Szukhents to be sued in New York, making the Pennoyer rule [that a state court may not serve its process outside its state boundaries and thereby compel appearance by a non-resident against his will] inapplicable. In effect the Court treats the provision as a waiver of the Szukhents' constitutional right not to be compelled to go to a New York court to defend themselves against the company's claims. This printed form provision buried in a multitude of words is too *160 weak an imitation of a genuine agreement to be treated as a waiver of so important a constitutional safeguard as is the right to be sued at home. Waivers of constitutional rights to be effective, this Court has said, must be deliberately and understandingly made and can be established only by clear, unequivocal, and unambiguous language. It strains credulity to suggest that these Michigan farmers ever read this contractual provision about Mrs. Weinberg and about "accepting service of process within the State of New York." And it exhausts credulity to think that they or any other laymen reading these legalistic words would have known or even suspected that they amounted to an agreement of the Szukhents to let the company sue them in New York should any controversy arise. This Court should not permit valuable constitutional rights to be destroyed by any such sharp contractual practices. The idea that there was a knowing consent of the Szukhents to be sued in the courts of New York is no more than a fiction  not even an amiable one at that.
Here, the Lamanna contract permitted the entry of judgment by confession "in any court of record of the United States or any of its territories or possessions...." This provision, for example, would permit the entry of judgment in Hawaii against the Lamannas living in New Jersey. They could move to open the judgment only at considerable expense and inconvenience, circumstances which may prevent adequate notice and opportunity to be heard. The broad sweep of the warrant may therefore require a conclusion that the judgment was entered without compliance with constitutional demands, a conclusion which would deny its right to recognition under principles of full faith and credit. That conclusion need not be reached at this point in these proceedings. The language of the warrant bears upon the question of the knowing and voluntary waiver of constitutional rights and will be considered in deciding that issue. That decision requires a hearing which will be pursued if the defendants are not too late with their attack on the Pennsylvania judgment. That question is discussed below.

III. The Application of Overmyer and Swarb to the Instant Facts
The defense contends that Rose Lamanna is within the confession-proof class of debtors established by Swarb. For present purposes, her assertion that she is an individual making less than $10,000 a year is accepted. Further, it is acknowledged *161 that this court must apply the Swarb decision to cognovit judgments obtained in Pennsylvania under the full faith and credit principle. If the defendant is within the class established by Swarb, the Pennsylvania judgment must be vacated. However, the classification there established applied only to those "who signed consumer financing or lease contracts containing cognovit provisions." The Lamannas executed an indemnity agreement in order to obtain a payment and performance bond from United Pacific. The bond was required in connection with certain construction projects and imposed an obligation upon the surety of more than $5,000,000. The agreement had nothing to do with consumer financing or lease contracts. Consequently, defendants are not within the class established by Swarb and may not enjoy its protection.
The judgment obtained by United Pacific is not per se unconstitutional. In Swarb the court said:
Today's decision in Overmyer, although it concerns a corporate and not an individual debtor, is adverse to [the] contention of plaintiffs-appellants [that the Pennsylvania statute is facially invalid]. In Overmyer, it is recognized as the District Court in this case recognized that, under appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision. [405 U.S. at 200, 92 S.Ct. at 772; emphasis supplied]
The Overmyer judgment was upheld because the facts showed a valid waiver. In that case the court said:
We therefore hold that Overmyer, in its execution and delivery to Frick of the second installment note containing the cognovit provision voluntarily, intelligently, and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences. [405 U.S. at 187, 92 S.Ct. at 783]
Defendant, Rose Lamanna denies that she had any intelligent understanding of the cognovit provision in her indemnity agreement. She says she did not know the clause was included, that it was not explained to her. The false acknowledgement of voluntary execution attached to the agreement supports her claim. The authority given United Pacific to enter judgment by confession "in any court of record of the United States or any of its territories or possessions," as set forth in the agreement, does *162 not invite a conclusion of voluntary acquiescence on the part of the Lamannas. The present record does not reveal whether Rose Lamanna received any consideration for her signature. The agreement may be one of adhesion. If the facts support these arguments, due process requirements will not have been satisfied; the waiver of notice and hearing upon which the validity of the judgment depends cannot be effective. However, these facts are disputed and the dispute may not be resolved in a summary judgment setting. If the issues raised by the defense are not raised too late, they must be resolved at a plenary hearing. The question of lateness requires an examination of post-judgment remedies available in Pennsylvania.
Proceedings to vacate the judgment were available to the defendants. If they provided due process and have been too long ignored, the judgment is enforceable; no hearing will be allowed on the waiver issue. The Pennsylvania system is described in Swarb:
A confession of judgment for money "may be entered by the prothonotary ... without the agency of an attorney and without the filing of a complaint, declaration or confession, for the amount which may appear to be due from the face of the instrument." Pa.Rule Civ.Proc. 2951(a), except that the action must be instituted by a complaint if the instrument is more than 10 years old or cannot be produced for filing, "or if it requires the occurrence of a default or condition precedent before judgment may be entered." Rules 2951(c) and (d). In an action instituted by a complaint, the plaintiff shall file a confession of judgment substantially in a prescribed form, and the attorney for the plaintiff "may sign the confession as attorney for the defendant" unless a statute or the instrument provides otherwise. Rule 2955. The prothonotary enters judgment "in conformity with the confession." Rule 2956. The amount due, interest, attorneys' fees, and costs may be included by the plaintiff in the praecipe for a writ of execution. Rule 2957.
Within 20 days after the entry of judgment the plaintiff shall mail the defendant written notice. Failure to do this, however, does not affect the judgment lien. Rule 2958(a). Within the same 20 days the plaintiff may issue a writ of execution and may do so even if the notice is not yet mailed. Rule 2958(b). If an affidavit of mailing is not filed within the 20-day period, the writ of execution may not issue until 20 days after the affidavit of mailing has been filed. Rule 2958(c).
Relief from a judgment by confession may be sought by a petition asserting "[a]ll grounds for relief whether to strike off the judgment or to open it . .. Rule 2959(a). If the petition states prima facie grounds for relief, the court *163 issues a rule to show cause and may grant a stay. A defendant "waives all defenses and objections" not included in the petition. The court "shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence." Rules 2959(b), (c) and (e). If the judgment is opened in whole or in part, the issues are then tried. Rule 2960.
It is apparent, therefore, that in Pennsylvania confession-of-judgment provisions are given full procedural effect; that the plaintiff's attorney himself may effectuate the entire procedure; that the prothonotary, a nonjudicial officer, is the official utilized; that notice issues after the judgment is entered; and that execution upon the confessed judgment may be taken forthwith. The defendant may seek relief by way of a petition to strike the judgment or to open it, but he must assert prima facie grounds for this relief, and he achieves a trial only if he persuades the court to open. Meanwhile, the judgment and its lien remain.
The pervasive and drastic character of the Pennsylvania system has been noted. [405 U.S. at 194, 92 S.Ct. at 769; citing cases, including Atlas].
The precarious nature of the Pennsylvania confession proceedings is apparent. The problems are underlined in the majority opinion of the District Court which decided Swarb: defense burdens are greater for the confession defendant than for others; the judgment may be vacated only if fatal irregularities appear on the face of the record or the debtor carries the burden of proving entitlement to equitable relief; the debtor may proceed only on the basis of expensive depositions. 314 F. Supp. at 1094-95. After Swarb reached the Supreme Court, the Pennsylvania Attorney General advised that court that the confession of judgment rules and statutes were facially invalid. Justice Douglas, concurring in Overmyer, said:
Thus the Ohio system places no undue burden of proof upon the debtor desiring to open a confessed judgment, in marked contrast to the Pennsylvania procedure involved in Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138. In Pennsylvania, in order to vacate such a judgment, a borrower must prove his defense by the preponderance of the evidence rather than by merely mustering enough evidence to present a jury question. Once the judgment is vacated, moreover, he must again prevail by that standard at a subsequent trial. In effect, the Pennsylvania confessed debtor is required to win two consecutive trials, not simply one. Given the proclivities of reasonable men to differ over the probative value of jury questions, the Pennsylvania requirement of twice sustaining the preponderance of the evidence imposes a stiffer burden of persuasion. [405 U.S. Fn. at 189, 92 S.Ct. Fn. at 784]
The court in Community Thrift Club held (487 F. Supp. at 883) that notice and an opportunity to challenge the waiver of due process is not sufficient "if the debtor cannot challenge the *164 cognovit clause prior to the deprivation of his property through execution of the confessed judgment." The Pennsylvania procedure does not satisfy the Community Thrift Club requirement. Execution may issue upon the judgment during the first 20 days after its entry, notwithstanding the fact that the required written notice to the judgment debtor has not been mailed and need not be mailed during that time. An immediate levy may be made upon a bank account, for example, causing outstanding checks to be dishonored and adversely affecting a debtor's credit standing. The judgment is a lien, affecting the property of the debtor, immediately upon its entry. 12 P.S. § 878. In view of Overmyer and Swarb, I am not willing to declare that the Pennsylvania confession of judgment procedures are unconstitutional in toto, notwithstanding the deficiencies noted. I am obliged to conclude, however, that Pennsylvania proceedings to vacate judgments by confession violate the Due Process and Equal Protection Clauses of the Untied States Constitution. Consequently, they do not establish the required opportunity to challenge the waiver of notice and hearing in the Lamanna agreement; the constitutional demand explained in Overmyer, Swarb and Community Thrift Club is not satisfied. It follows that the failure of the defendants to take advantage of these remedies, standing alone, cannot cause them to forfeit their right to a hearing on the waiver question.
The fact that the Pennsylvania post-judgment remedies are unconstitutional does not necessarily require a finding that the judgments by confession are themselves equally invalid. The post-judgment procedures may be severed from the confession rules, permitting the valid entry of judgments. State v. Lanza, 27 N.J. 516 (1958), held that
... even if there be no such express declaration of separability, an unconstitutional provision in a statute does not affect the validity of a separate article or clause of the enactment, if otherwise valid, unless the two are so intimately connected and mutually dependent as reasonably to sustain the hypothesis that the Legislature would not have adopted the one without the other. Where the principal object of the statute is constitutional, and the objectionable provision can be exercised without substantial impairment of the general purpose, the *165 statute is operative except insofar as it may contravene fundamental law. And the question is to be considered in the light of the settled principle that a permissible doubt as to validity is to be resolved in favor of the amendment. [at 528]
See, also, Angermeier v. Sea Girt, 27 N.J. 298, 311 (1958). In Vedutis v. Tesi, 135 N.J. Super. 337 (Law Div. 1975), the court said:
... where a statute, such as the one herein, is unclear or incomplete on its face with respect to time limitations for the assertion of parental claims, judicial interpretation should be a sympathetic response consonant with what one might presume the Legislature would have said had it spoken. [at 343]
Further, in N.J. Chamber of Commerce v. Election Law Enforcement Comm'n, 82 N.J. 57 (1980), it was noted that:
In appropriate cases, a court has the power to engage in "judicial surgery" or the narrow construction of a statute to free it from constitutional doubt or defect. [at 75]
The same approach is followed by the Pennsylvania courts: Kellerman v. Philadelphia, 139 Pa.Super. 569, 13 A.2d 84, 88 (Super.Ct. 1940); Grisbord v. Philadelphia, 148 Pa.Super. 91, 24 A.2d 646, 648 (Super.Ct. 1942).
Confessed judgments are widely used security devices in Pennsylvania, a fact reflected in the cases from that jurisdiction which are cited in this opinion. The loss of security resulting from a declaration that such judgments are ineffective would have a significant adverse effect upon commerce and credit in Pennsylvania. That result should not be reached unless it is very clear that the Pennsylvania Legislature did not intend judgments to be entered by confession unless post-judgment remedies were effective. The principal object of the confession procedures is to provide ready security for monies owed; post-judgment remedies are secondary and independent. Furthermore, as discussed below, other procedures are available in Pennsylvania for vacating these judgments. Any reasonable reading of the confession rules therefore requires a conclusion that all provisions leading to the entry of judgment are readily severable from those relating to procedures after such entry. When this reading is coupled with the requirement set forth in Lanza, supra, "that a permissible doubt as to validity is to be *166 resolved in favor of the enactment," the conclusion favoring severability becomes inescapable.
Nevertheless, the Lamannas' demand for a hearing could not be delayed forever. While it is clear that the Pennsylvania courts may vacate judgments by virtue of their inherent and equitable powers, Great American Credit Corp. v. Thomas Mini-Markets Inc., 230 Pa.Super. 210, 326 A.2d 517 (Super.Ct. 1974); Zinck v. Smashy's Auto Salvage, 250 Pa.Super. 553, 378 A.2d 1287, 1288 (Super.Ct. 1977), applications for relief must be made promptly. In Zinck, supra, the court held:
It is commonly said that a petition to open a judgment is an appeal to the equity powers of the court and is a matter largely within its discretion. However, before the lower court may exercise its discretion, the petitioner must establish (1) that the petition to open was promptly filed, (2) that a legitimate explanation exists for the default, and (3) that he has a meritorious defense. [378 A.2d 1288; citations omitted]
The rule in New Jersey is no different. Even a void judgment may not be opened unless the court, exercising equitable powers, finds that the motion to set the judgment aside was made within a reasonable time. Garza v. Paone, 44 N.J. Super. 553, 558-559 (App.Div. 1957).
The Pennsylvania rule establishing post-judgment procedures in confession of judgment cases does not fix a time limit within which such procedures must be commenced. Rule 2959. That rule has been held to be invalid in the present case. Nevertheless, Pennsylvania decisions which have considered the timeliness of petitions to open such judgments focus the approach to that question here. They emphasize, as a general rule, that petitioner must show the existence of a meritorious defense. Triangle Bldg. Supplies & Lumber Co. v. Zerman, 242 Pa.Super. 315, 363 A.2d 1287 (Super.Ct. 1976). The Lamannas meet that requirement by alleging that their waiver was not voluntary. Standing alone, however, the possession of a meritorious defense is not enough; the application must also be made promptly. In *167 Landis v. Richmond, 249 Pa.Super. 418, 378 A.2d 365 (Super.Ct. 1977), the court refused to open a judgment entered by confession after 15 to 17 months had passed; a meritorious defense was shown but no explanation was given for the delay. Delays of two years have been held to bar relief. First National Bank v. Stoudt, 237 Pa.Super. 238, 352 A.2d 162 (Super.Ct. 1975); Gerber v. Commonwealth, 37 Pa.Cmwlth. 618, 391 A.2d 59 (Super.Ct. 1978). In Jamestown Banking Co. v. Conneaut, 339 Pa. 26, 14 A.2d 325 (Sup.Ct. 1940), however, a four-year delay was excused, as was a nine-year delay in Cronauer v. Bayer, 140 Pa.Super. 91, 13 A.2d 75 (Super.Ct. 1940). The general rule recited in 20 Pennsylvania Law Encyclopedia § 42 at 182-183, is that
There is no time limit on the exercise of the power of a court to open a judgment by confession ... the doctrine of laches is applicable to applications to open judgments by confession and an application to open such a judgment may be denied where the defendant has been guilty of unreasonable delay. Whether a party has been guilty of such laches as will bar his right to have a judgment opened so that he can assert a defense depends upon the circumstances.
Prejudice caused by delay may be considered. In James v. Silverstein, 224 Pa.Super. 489, 306 A.2d 910 (Super.Ct. 1973), the court held that
A petition to open judgment is an appeal to the equitable side of the court.... In deciding whether there has been an abuse [of discretion], it must be determined whether the petitioner has a defense on the merits, and whether he was reasonably prompt in seeking to have the judgment opened. Fox v. Mellon, 438 Pa. 364, 264 A.2d 623 (1970) ... With respect to whether the appellee was reasonably prompt in seeking to have the judgment opened; the four month delay, from May 22 to September 28, was not such as requires reversal of the lower court's order. No detriment to appellant appears. Mere delay by appellee in this application to open will not validate an invalid judgment. Laches will not be imputed where no injury has resulted to the other party by reason of the delay. [306 A.2d at 911, 912]
The New Jersey rule of laches is that
Laches can be a defense only where there is a delay, unexplained and inexcusable, in enforcing a known right and prejudice has resulted to the other party because of such delay. [Flammia v. Maller, 66 N.J. Super. 440, 454 (App.Div. 1961)]
*168 It is apparent that what is reasonable depends upon the facts of each case. The court should consider the amount of time which has elapsed, prejudice to other parties, time and adequacy of notice, the understanding of the parties, their capacity to act and all additional factors which may explain and excuse delay. These inquiries, to be made in this case, require a hearing. In the event it is concluded that the Lamannas' challenge to the waiver comes too late, that challenge must be ignored. Otherwise, an additional hearing must be held to determine whether the waiver was knowing and voluntary.

IV. Miscellaneous Objections of the Defendants

A. Ambiguous Language

The indemnity agreement executed by the Lamannas contained the following provision:
It is understood and agreed that anything in this agreement to the contrary notwithstanding that the liability of the undersigned indemnitors, Angelo LaManna and Rose LaManna, shall be limited jointly and severally to THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00). It is further agreed that the liability of Rose LaManna (wife) shall be limited to that property which is now or hereafter, may be held jointly with Angelo LaManna (husband) or which may be transferred to the said Rose LaManna (wife) and which appears as an asset on any financial statement submitted by Angelo LaManna (husband) to the United Pacific Insurance Company, as inducement to execute bonds on behalf of the contractor.
Defendants contend that this provision is ambiguous, making it necessary to hold a hearing concerning its interpretation before the entry of judgment. It is clear, however, that the limitations expressed in this paragraph do not affect the entry of judgment; they affect only the identity of the property which may be levied upon when execution is issued upon any judgment obtained. Defendants are entitled to a hearing on this issue after a levy has been made; any order entered in this cause should so provide. Central State Bank v. Hudik-Ross Co., 164 N.J. Super. 317 (App.Div. 1978), relied upon by the defense, is not contrary to this conclusion.

*169 B. Failure to Receive Mailed Notices

Rose Lamanna denies receiving the notice sent to the indemnitors requiring them to deposit monies prior to the entry of judgment, and claims that her denial raises a factual issue to be tried. Plaintiff has filed proof of mailing this notice; the claim of nonreceipt is normally insufficient to rebut the presumption of receipt. Meierdierck v. Miller, 394 Pa. 484, 147 A.2d 406 (Sup.Ct. 1959); Berkowitz v. Mayflower, SEC, Inc., 455 Pa. 531, 317 A.2d 584 (Sup.Ct. 1974). However, the affidavit submitted by plaintiff merely traces the mailed notice to a box in the United Pacific offices and then assumes that routine office procedures would have placed the notice in the postoffice. This is not sufficient proof of mailing. Weathers v. Hartford Ins. Group, 77 N.J. 228 (1978). The indemnity agreement provides that defendants are bound, once notice is mailed, whether or not the notice is received. Proof of mailing is nevertheless required.
This failure of proof, however, does not deny validity to the confessed judgment. One of the purposes of the confession procedure is to avoid such arguments. The general rule is that only two defenses are available to the enforcement of a foreign judgment, namely, lack of jurisdiction and fraud in the procurement of the judgment. Lea v. Lea, 32 N.J. Super. 333 (App.Div. 1954); Zelek v. Brosseau, supra. The claim that the notice to deposit was not received may therefore be made only if the judgment is opened as the result of a hearing on the question of voluntary waiver.
Defendant also alleges that she never received notice of the entry of judgment, as required by the Pennsylvania rules. It appears from the records in the Pennsylvania Court of Common Pleas that the prothonotary mailed the notice. The docket entry reflecting that mailing is a public record, presumed to be correct. In re Jones Estate, 390 Pa. 599, 136 A.2d 327, 330 (Sup.Ct. 1957). The proofs submitted by defendant do not rebut the presumption and do not deny receipt of actual notice through correspondence and telephone calls from Pennsylvania counsel. This defense contention carries no conviction and, in any event, *170 is of no moment since the Pennsylvania post-judgment procedures have been held to be unconstitutional.

C. Lack of Compliance with the Terms of the Warrant; Improper Addressee; Lack of Witnesses

Defendant argues that judgment was confessed by the prothonotary in Pennsylvania and not by an attorney, as required by the terms of the warrant. Factually, this is not true; Pennsylvania counsel initiated the proceedings. This complies with the terms of the warrant and with Pennsylvania law. It is not a defense to this action.
It is also argued that the Pennsylvania attorneys did not appear for the defendants. On the contrary, their application to the court for the entry of the confessed judgment must be treated as though it were made on behalf of the defendants by reason of their agreement to the confession procedure. The argument has no substance.
It is said that the Lamannas' liability under the warrant is limited to "such sums as may be found due by the undersigned to Surety under the terms of this agreement," raising questions of interpretation and requiring proof of amount due to be supplied in Pennsylvania. This is a misunderstanding. The clause refers only to the satisfaction of the judgment after it has been obtained. It offers no defense.
Rose Lamanna complains that notices sent to her were addressed to "Mrs. Angelo Lamanna," arguing that this makes them improper and insufficient as a matter of law. The argument is specious. A notice addressed to her as "Mrs. Angelo Lamanna" was as effective as one addressed to "Rose Lamanna."
Section 738 of the Pennsylvania Civil Practice Rules requires confession of judgment clauses to be executed in the presence of "two or more witnesses." In fact, the agreement signed by the Lamannas had no witnesses. The argument, however, cannot *171 succeed. Judgment was not entered under Rule 738 but under Rule 739, which does not require two witnesses. In addition, Wall's Administrators v. Fife, 37 Pa. 394 (Sup.Ct. 1861), held that the absence of witnesses does not prevent the entry of a judgment by confession.
In any event, none of these arguments may be advanced unless the waiver hearing, if held, causes the judgment to be opened. These defenses are foreclosed by the judgment, if it is valid.

V. Interest
United Pacific seeks the recovery of interest on the Pennsylvania judgment at 6% a year from the time of its entry on December 20, 1976. Defendant contends that this amounts to prejudgment interest not allowed under New Jersey rules. This is not correct. At the time judgment was entered in Pennsylvania, its statutes permitted interest at the rate of 6% a year for the "use of money in an amount of $50,000 or less in all cases where no express contract shall have been made for a less rate...." 41 P.S. § 201. Plaintiff does not seek prejudgment interest in New Jersey; it merely seeks to recover that which is lawfully due on the judgment obtained in Pennsylvania. That interest is recoverable here, if the judgment is not opened.

VI. Conclusions
Defendants' motion for summary judgment is denied. Plaintiffs' motion for summary judgment is granted with respect to the defenses of (1) ambiguous language, (2) entry of judgment by the prothonotary and not the attorney, (3) failure of the attorneys to appear for defendants, (4) limitation of liability under the warrant, (5) incorrect addressee, (6) lack of two witnesses and (7) interest. Plaintiffs' motion for summary judgment is otherwise denied. The remaining issues will be considered at a plenary hearing.